# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER BURKMAR, M.D., ) | |
| ) | Civil Action File No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| NORTHSIDE HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Jennifer Burkmar, M.D. ("Plaintiff" or "Dr. Burkmar") files this Complaint for Equitable Relief and Damages against Defendant Northside Hospital, Inc. ("Northside" or "Defendant") showing the Court the following:

### INTRODUCTION

1. Dr. Burkmar is a former employee of Defendant, having worked for Defendant from 2019 through July 1, 2021.

2. Dr. Burkmar asserts claims for discrimination, retaliation, and failure to accommodate under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, for breach of contract under Georgia law, and for attorney's fees and costs of litigation under O.C.G.A. § 13-6-11.

3. Dr. Burkmar seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

4. Dr. Burkmar brings this action because: (1) under the ADA, she had an actual impairment, a record of actual impairment, or Northside regarded her as having an impairment for which she was terminated; (2) she requested a reasonable accommodation under the ADA and, rather than provide the accommodations or otherwise engage in the interactive process, Northside terminated Dr. Burkmar; and (3) in terminating Dr. Burkmar, Defendant breached its contract with Dr. Burkmar.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Northside Hospital, Inc. conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. Dr. Burkmar filed a charge of discrimination – charge number 410-2022-01877 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

8. Dr. Burkmar received a Determination and Notice of Rights from the EEOC relating to her charge of discrimination.

9. Dr. Burkmar brings this suit within ninety (90) days of the receipt of her Determination and Notice of Rights.

## **THE PARTIES**

10. Dr. Burkmar is a citizen of the United States, a resident of the State of Florida, and submits herself to the jurisdiction of this Court.

11. Dr. Burkmar is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

12. Dr. Burkmar is a person with disabilities – specifically, Immune-Mediated Small Fiber Neuropathy and Dysautonomia – because she has actual physical impairments causing substantial limitations in one or more major life activities, because she has a record of impairment, and because Northside regarded her as having an impairment.

3

13.  Dr. Burkmar's limitations of major life activities included, but were not limited to, neurological impairments, difficulty standing and walking, racing heart, dizziness, weakness, neuropathy, chest pain, passing out, and flushing.

14.  Dr. Burkmar is capable of performing the essential functions of her job as a physician with or without an accommodation.

15.  Northside Hospital is a domestic non-profit corporation licensed to do business in Georgia and transacts business in the Northern District of Georgia.

16.  Northside Hospital is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

17.  Northside Hospital is subject to the Court's jurisdiction and may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Susan Sommers, 980 Johnson Ferry Road, Suite 70, Atlanta, Georgia 30342.

## STATEMENT OF FACTS

17.  Dr. Burkmar was employed as a physician with Northside Hospital under a three-year contract of employment – Physician Employment Agreement (the

"Agreement") – effective February 1, 2019 through February 1, 2022.

18.   Under Section 5.2 of the Agreement, Defendant could terminate the Agreement only if "cause" as defined in the Agreement was met.

19.   Dr. Burkmar's normal schedule while employed by Northside included seeing patients in the morning on Wednesdays and Fridays and administrative time in the afternoon.

20.   In December 2020, Dr. Burkmar developed ADA-covered disabilities – Immune-Mediated Small Fiber Neuropathy and Dysautonomia – of which Defendant was aware.

21.   Dr. Burkmar's disabilities substantially limited her in her major life activities and the limitations included, but were not limited to, neurological impairments, difficulty standing and walking, racing heart, dizziness, weakness, neuropathy, chest pain, passing out, and flushing.

22.   Because of her disabilities, Dr. Burkmar collapsed at work several times and, on one occasion, had to leave the clinic in an ambulance.

23.   In early February 2021, Dr. Burkmar left the clinic in an ambulance and took a leave of absence from February 10, 2021 through March 21, 2021 as an accommodation for and for treatment of her disabilities.

24. After her medical leave, Dr. Burkmar returned to work on a reduced schedule for two weeks and then returned to work full-time.

25. As a result of returning to work full-time with no accommodations after her initial accommodated two weeks, Dr. Burkmar's symptoms were exacerbated.

26. On April 8, 2021, Dr. Burkmar left work early in a wheelchair.

27. At the end of April 2021, Dr. Burkmar took another leave of absence to receive infusion treatments at the National Institutes for Health.

28. Dr. Burkmar was later admitted to Emory on May 31, 2021 and remained hospitalized through June 4, 2021.

29. Dr. Burkmar returned to work on June 14, 2021 with accommodations that included a temporarily reduced patient load and that she be allowed to sit between patients.

30. However, three days later, on June 17, 2021, Cynthia Gist, Northside's Director of Employee Relations and HR Operations, met with Dr. Burkmar and told her Northside was rescinding her accommodations and that she would be required to maintain a full patient load, or her employment would be terminated regardless of what accommodations her doctors said she needed.

31. At that time, not only did Northside refuse to accommodate Dr.

Burkmar, but it also actually increased her patient load beyond that which she had ever had in the past and took away her administrative work time.

32. Inexplicably, Dr. Burkmar was expected to see more patients than her non-disabled comparator and his administrative time was not removed.

33. This failure to accommodate Dr. Burkmar caused her to suffer another setback and her doctor recommended another short leave of absence.

34. Rather than grant Dr. Burkmar reasonable accommodations, and in violation for Dr. Burkmar's contract with Defendant, on July 1, 2021, Northside terminated Dr. Burkmar's employment.

## COUNT I
### VIOLATION OF ADA – REGARDED AS DISABLED

35. Dr. Burkmar incorporates by reference all the preceding paragraphs of the Complaint.

36. At all times relevant hereto, Northside has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

37. At all times relevant hereto, Dr. Burkmar was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(C) because Northside

regarded her as a person with an impairment as defined by the Act.

38. Moreover, at all times relevant hereto, Dr. Burkmar has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

39. Defendant terminated Dr. Burkmar because it regarded her as disabled.

40. Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination because of disability.

41. As a direct and proximate result of Defendant's intentional discrimination, Dr. Burkmar has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

42. The actions taken against Dr. Burkmar by Defendant have caused her to suffer both monetary and non-monetary damages.

43. Pursuant to the ADA, Dr. Burkmar is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

44. Northside's actions have caused and continue to cause Dr. Burkmar to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

45. Accordingly, Dr. Burkmar is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT II
### ACTUAL DISCRIMINATION / FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

46. Dr. Burkmar incorporates by reference all the preceding paragraphs of the Complaint.

47. At all times relevant hereto, Northside has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

48. At all times relevant hereto, Dr. Burkmar was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

49. Northside was aware of Dr. Burkmar's disabilities and history and record of disabilities.

50. At all times relevant hereto, Dr. Burkmar has been a qualified

individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

51. Dr. Burkmar's disabilities substantially limited her in her major life activities and the limitations included, but were not limited to, neurological impairments, difficulty standing and walking, racing heart, dizziness, weakness, neuropathy, chest pain, passing out, and flushing.

52. Dr. Burkmar requested accommodations from Northside relating to her disabilities including, but not limited to, modifying her work schedule, and providing her medical leave for treatment.

53. Northside refused to accommodate Dr. Burkmar, and instead first increased her patient load and took away her administrative time and then terminated her employment because of her disabilities.

54. Dr. Burkmar was required to see more patients than her non-disabled comparators and had her administrative time removed.

55. Northside's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

56. Pursuant to the ADA, Dr. Burkmar is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

57. As a direct and proximate result of Northside's intentional discrimination, Dr. Burkmar has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

58. Northside's actions have caused and continue to cause Dr. Burkmar to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

59. Accordingly, Dr. Burkmar is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT III
### RETALIATION IN VIOLATION OF THE ADA

60. Dr. Burkmar incorporates by reference all the preceding paragraphs of

the Complaint.

61. At all times relevant hereto, Defendant has been subject to the requirements of Title I of the ADA.

62. At all times relevant hereto, Dr. Burkmar was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

63. In February 2021, Dr. Burkmar engaged in protected activity under the ADA when she requested reasonable accommodations for her ADA-covered disabilities.

64. Dr. Burkmar continued to request accommodations in May 2021 and continued to attempt to engaged in the interactive process with Defendant through the termination of her employment.

65. Although Defendant initially accommodated Dr. Burkmar's disabilities, it later refused to do so and terminated her employment in retaliation for requesting an accommodation and engaging in the interactive process in violation of the ADA.

66. Defendant's actions in retaliating against Dr. Burkmar following her requests for reasonable accommodation and engagement in the interactive process were committed with reckless disregard for her right to be free from retaliatory

treatment in violation of the ADA.

67. The effect of Defendant's above-mentioned conduct has been to deprive Dr. Burkmar of equal employment opportunities and benefits due to her willingness engage in protected activity.

68. The actions taken against Dr. Burkmar by Defendant have caused her to suffer both monetary and non-monetary damages.

69. Pursuant to the ADA, Dr. Burkmar is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

70. Accordingly, Dr. Burkmar is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT IV
### BREACH OF CONTRACT

71. Dr. Burkmar incorporates by reference all the preceding paragraphs of the Complaint.

72. Dr. Burkmar was employed as a physician with Northside Hospital

under a binding three-year contract of employment – Physician Employment Agreement (the "Agreement") – effective February 1, 2019 through February 1, 2022.

73. Under Section 5.2 of the Agreement, Defendant could unilaterally terminate the Agreement only if "cause" as defined by Northside in the Agreement was met.

74. On July 1, 2021, Northside terminated Dr. Burkmar's employment without cause and in breach of Section 5.2 of the Agreement.

75. For Northside's breach of the Agreement, Dr. Burkmar is entitled to payment of all compensation owed under the Agreement from July 1, 2021 through February 1, 2022.

## COUNT V
### VIOLATION OF O.C.G.A. § 13-6-11

76. Dr. Burkmar incorporates by reference all the preceding paragraphs of the Complaint.

77. Defendant's willful misconduct in breaching the Agreement and resulting failure to pay Dr. Burkmar under the terms of the Agreement constitutes bad faith and stubborn litigiousness and has caused Dr. Burkmar unnecessary trouble

and expense.

78. The egregious nature of Defendant's actions warrants an award of attorney's fees and other litigation expenses under O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Grant to Dr. Burkmar judgment in her favor and against Northside under all counts of this Complaint;

(b) Order Northside to make Dr. Burkmar whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Northside's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) Order Northside to compensate Dr. Burkmar for mental and emotional damages suffered as a result of Northside's unlawful and discriminatory acts;

(d) Grant to Dr. Burkmar punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its

conduct toward Dr. Burkmar and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(e) Grant to Dr. Burkmar the full value of her contractual damages for Defendant's breach of the Agreement;

(f) Grant to Dr. Burkmar a jury trial on all issues so triable;

(g) Grant to Dr. Burkmar her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended) and O.C.G.A. § 13-6-11; and

(h) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 21st day of November 2022.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff